Dear Ms. Hawkins:
On behalf of the Lee County School Board you have asked for my opinion on substantially the following question:
Whether a utility company employee who is involved in providing utility services to a school is a "noninstructional contractor" subject to the background screening requirements of sections 1012.467 and1012.468, Florida Statutes?
According to your letter, the School District of Lee County has entered into various agreements with utility companies in the district that relate to utility services supplied to various schools. These agreements provide the utility and its employees and agents easements with the right to enter district property in order to perform services such as installation, repair and maintenance of the various lines and structures involved in providing utility services. The district compensates the utility company for the utilities it receives and for the services rendered. This office has not seen the terms of the school district's contract or contracts and any definitive determination of the applicability of these statutes requires the resolution of mixed questions of law and fact outside the scope of this office's authority. However, I offer the following opinion subject to the school district's determination of the facts that apply in this situation.
Section 1012.467, Florida Statutes, requires background screening for noninstructional contractors who are permitted access to school grounds when students are present. Pursuant to the statute, a "noninstructional contractor" is
 "any vendor, individual, or entity under contract with a school or with the school board who receives remuneration for services performed for the school district or a school, but who is not otherwise considered an employee of the school district. The term also includes any employee of a contractor who performs services for the school district or school under the contract and any subcontractor and its employees."[1]
An employee of a utility company who has access to school grounds and who performs services for the school district under an agreement or contract for which the utility company receives remuneration would appear to fall within the scope of the term "noninstructional contractor" for purposes of sections 1012.467 and 1012.468, Florida Statutes.
The statute requires that a fingerprint-based criminal history check must be performed on "each noninstructional contractor who is permitted access to school grounds when students are present, whose performance of the contract with the school or school board is not anticipated to result in direct contact with students, and for whom any unanticipated contact would be infrequent and incidental."[2] For purposes of the statute, "school grounds" are the buildings and the grounds of a public prekindergarten, kindergarten, elementary school, middle school, junior high school, high school, or secondary school, or any combination of grades from prekindergarten through grade 12, "together with the school district land on which the buildings are located."[3] The term "school grounds" does not include:
 "1. Any other facility or location where school classes or activities may be located or take place;
 2. The buildings and grounds of any public prekindergarten, kindergarten, elementary school, middle school, junior high school, high school, or secondary school, or any combination of grades prekindergarten through grade 12, or contiguous school district land, during any time period in which students are not permitted access; or
 3. Any building described in this paragraph during any period in which it is used solely as a career or technical center under part IV of chapter 1004 for postsecondary or adult education."[4]
Section 1012.467(3), Florida Statutes, precludes any noninstructional contractor from having access to school grounds if he or she has been convicted of any of the following offenses:
 "1. Any offense listed in s. 943.0435(1)(a)1., relating to the registration of an individual as a sexual offender.
 2. Section 393.135, relating to sexual misconduct with certain developmentally disabled clients and the reporting of such sexual misconduct.
 3. Section 394.4593, relating to sexual misconduct with certain mental health patients and the reporting of such sexual misconduct.
 4. Section 775.30, relating to terrorism.
 5. Section 782.04, relating to murder.
 6. Section 787.01, relating to kidnapping.
 7. Any offense under chapter 800, relating to lewdness and indecent exposure.
 8. Section 826.04, relating to incest.
 9. Section 827.03, relating to child abuse, aggravated child abuse, or neglect of a child."[5]
A noninstructional contractor who has been convicted of any of these offenses may not be permitted on school grounds when students are present unless he or she has received a full pardon or a restoration of civil rights. Violation of this provision constitutes a third degree felony.[6]
Section 1012.468, Florida Statutes, describes certain exceptions to the fingerprinting and criminal history checks required by sections 1012.465 and 1012.467, Florida Statutes.[7] Noninstructional contractors are outside the scope of these requirements if they are under the direct supervision of a school district employee or a contractor who has had a criminal history check and meets certain specified screening requirements.[8] The term "direct supervision" is defined to mean that "a school district employee or contractor is physically present with a noninstructional contractor when the contractor has access to a student and the access remains in the school district employee's or the contractor's line of sight."[9] Also excepted from the statute's requirements are noninstructional contractors who are required to undergo a level 2 background screening under section 435.04 for licensure, certification, employment, or other purposes and who submit the evidence required by the statute.[10] Law enforcement officers are excepted from the screening requirements when they have been assigned or dispatched to school grounds by their employer, as is an employee or medical director of an ambulance provider who is providing services on behalf of the ambulance provider.[11]
Noninstructional contractors are not subject to the screening requirements if they remain at a site where students are not permitted so long as the site is separated from the remainder of the school grounds by a chain-link fence.[12]
Thus, it would appear that utility company employees who are permitted access to school grounds when students are present, even under circumstances where the performance of the contract with the school or school board is not anticipated to result in direct contact with students, and any unanticipated contact would be infrequent and incidental, would fall within the scope of the term "noninstructional contractor" and must comply with the background screening requirements of section 1012.467, Florida Statutes. Likewise, the exceptions outlined in section 1012.468, would apply to these noninstructional contractors. Thus, if these utility workers are under the direct supervision of a school district employee or contractor who has had a criminal history check and meets the screening requirements, the utility workers are exempt from screening requirements. If these utility workers remain at a site where students are not permitted and if the site is separated from school grounds by a single chain-link fence of 6 feet in height, they are exempted from the background screening requirements.
In sum, it is my opinion that a utility company employee who is involved in providing utility services to a school and who has access to school grounds as provided in section 1012.467, Florida Statutes, would be a "noninstructional contractor" subject to the background screening requirements of sections 1012.467 and 1012.468, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 1012.467(1)(a), Fla. Stat. Cf. Op. Att'y Gen. Fla. 07-42 (2007) which concluded that in light of the mandatory language of s.1012.465, Fla. Stat., all noninstructional school district employees who are permitted access on school grounds when students are present, who have direct contact with students, or who have access to or control of school funds must meet level 2 screening requirements.
[2] Section 1012.467(2)(a), Fla. Stat.
[3] Section 1012.467(1)(c), Fla. Stat.
[4] Section 1012.467(1)(c)1. — 3., Fla. Stat.
[5] Section 1012.467(2)(g), Fla. Stat.
[6] Section 1012.467(4), Fla. Stat.
[7] Section 1012.465, Fla. Stat., requires background screening for noninstructional school district employees and contractors who are permitted access on school grounds when students are present.
[8] Section 1012.468(2)(a)1., Fla. Stat.
[9] Id.
[10] Section 1012.468(2)(b), Fla. Stat.
[11] Section 1012.468(2)(c) and (d), Fla. Stat.
[12] Section 1012.468(2)(e), Fla. Stat.